Filed 9/3/15  P. v. Delgado CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE, | B255959 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA131423) |
| v. | |
| ALEJANDRO F. DELGADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Arthur M. Lew, Judge.  Affirmed and remanded with instructions.

Jeffrey Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, Herbert S. Tetef, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury found defendant and appellant Alejandro Delgado (defendant) guilty of first degree burglary. On appeal from his judgment of conviction, he contends that the trial court did not award him the amount of conduct credit to which he was entitled and requests that we conduct an independent review of the sealed transcript of the in camera hearing on his *Pitchess*[1] motion to ensure that all discoverable materials were turned over to him. The Attorney General agrees that the trial court did not award defendant the amount of conduct credit to which he was entitled and does not object to an independent review of the sealed transcript of the in camera hearing on his *Pitchess* motion.

We hold that the trial court incorrectly calculated the number of days of conduct credit to which defendant was entitled and, after independently reviewing the sealed transcript of the in camera hearing on defendant's *Pitchess* motion, conclude that the trial court did not abuse its discretion in ruling on defendant's *Pitchess* motion. We therefore remand the matter to the trial court with instructions to amend the abstract of judgment to reflect that defendant was awarded the number of days of presentence conduct credit to which he was entitled.

## PROCEDURAL BACKGROUND[2]

The jury found defendant guilty of first degree burglary in violation of Penal Code section 459.[3] The trial court sentenced defendant to nine years in state prison. The trial

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[2] Because the issues on appeal do not involve the facts of the crime, we omit those facts from the opinion.

[3] All further statutory references are to the Penal Code unless otherwise indicated.

court awarded defendant 125 days of actual custody credit and 37 days of conduct credit for a total of 162 of custody credit.

## DISCUSSION

### A.     Conduct Credit

Defendant contends that the trial court's award of 37 days of conduct credit was incorrect and that he was entitled instead to an award of 124 days of conduct credit.  The Attorney General agrees with defendant.

Defendant was entitled to conduct credit under section 4019 because the 15% conduct credit limitation for violent felonies in section 2933, subdivisions (a) and (c) did not apply to his crime.[4]  Under subdivisions (f) and (h) of section 4019, presentence conduct credit accrues at a rate of two days credit for every two days served.  Defendant was taken into custody on December 27, 2013, and he was sentenced on April 30, 2014. He was therefore in custody 125 days for which he received actual custody credit, and he was entitled to an additional award of conduct credit of 124 days.  The abstract of judgment must be modified accordingly to reflect an award of 124 days of conduct credit and a total award of presentence custody credit of 249 days.

### B.     Review of *Pitchess* Hearing

Defendant requests that we independently review the sealed transcript of the trial court's in camera hearing on his *Pitchess* motion and the Attorney General does not object.  Under *People v. Mooc* (2001) 26 Cal.4th 1216, 1229-1232, upon a request from a defendant, an appellate court may review the sealed transcript of a trial court's in camera *Pitchess* hearing to determine whether the trial court disclosed all relevant documents.  A

---

[4]     First degree burglary is not a violent felony unless another person, other than an accomplice, is present in the dwelling during the burglary.  (§ 667.5, subd. (c)(21).)

3

trial court's ruling on such a motion is reviewed for abuse of discretion. (*People v. Samayoa* (1997) 15 Cal.4th 795, 827.)

In response to defendant's request, we reviewed independently the sealed transcript of the trial court's in camera hearing on defendant's *Pitchess* motion. Based on that review, we conclude that the trial court did not abuse its discretion in ruling on the *Pitchess* motion following the in camera hearing.

## DISPOSITION

The matter is remanded to the trial court with instructions to modify the abstract of judgment to reflect that defendant was entitled to 124 days of conduct credit and a total award of 249 days of presentence custody credit. In all other respects, the judgment of conviction is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KIRSCHNER, J.[*]

---

[*]   Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.